UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE BLACK RESOURCES, LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BLITZ DESIGN, INC., <br><br> Defendant. | Case No. 3:22-cv-04227-WHO <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS** <br><br> Re: Dkt. No. 20 |

This case arises from an alleged contract between the plaintiffs—In the Black Resources, LLC (dba Black Wall Street ("BWS")) and its Chief Operating Officer, Marye Dean—and the defendant—Blitz Design, Inc. ("Blitz" or "Blitz Design")—for marketing, promotion, and production of events to promote the plaintiffs' new book. The defendants filed a motion to dismiss all claims for failure to state a claim, which I grant in part and deny in part.[1]

**BACKGROUND**

**I.      Procedural Background**

BWS filed its complaint on March 8, 2022, in the Southern District of Texas ("SDTX"). [Dkt. No. 1]. On April 4, 2022, Blitz filed a motion to strike, [Dkt. No. 8], and a motion to dismiss or transfer venue. [Dkt. No. 9]. BWS opposed each of these motions, [Dkt. Nos. 11, 12], and also filed corrected oppositions, [Dkt. Nos. 16, 17].

BWS filed its first amended complaint ("FAC") on April 25, 2022. [Dkt. No. 10]. The next day, BWS filed a second amended complaint, [Dkt. No. 15], which it then withdrew, [Dkt. No. 23], after Blitz filed a motion to strike the second amended complaint, [Dkt. No. 22].

---

[1] Plaintiffs' counsel failed to appear at the hearing on November 16, 2022. Failure to file an amended complaint as directed in this Order may result in dismissal of this case for failure to prosecute.

On May 2, 2022, Blitz filed an amended motion to dismiss or transfer venue, based on Federal Rule of Civil Procedure 12(b)(2) and (3). [Dkt. No. 19]. The following day, Blitz filed this motion to dismiss for failure to state a claim, ("Mot.") [Dkt. No. 20], and an amended motion to strike, [Dkt. No. 22].

On May 23, 2022, the plaintiffs filed an opposition to the motion to dismiss or transfer venue, [Dkt. No. 24]. Blitz replied on May 30. [Dkt. No. 27]. The defendant's motion was granted in part on July 20, 2022. *See* Opinion on Motions ("TX Op.") [Dkt. No. 36].

On May 24, 2022, the plaintiffs filed an opposition to the amended motion to strike, [Dkt. No. 25], to which Blitz replied on May 31. [Dkt. No. 28]. The motion was granted in part on July 20, 2022. *See* TX. Op; Order to Strike [Dkt. No. 37]. In that motion, the district court determined California law applied to "the claims related to the contract." TX Op. at 3.

The plaintiffs also filed an opposition to the present motion to dismiss for failure to state a claim, on May 24. ("Oppo.") [Dkt. No. 26]. Blitz replied on May 31. ("Repl.") [Dkt. No. 29]. The SDTX court did not rule on this motion but rather transferred the case to the Northern District of California. *See* Order to Transfer [Dkt. No. 40].

The operative complaint is the first amended complaint at Docket No. 10. The Order to Strike struck the following from the FAC:

- Any mention of "theft," "stealing," "robbed," and "ripped off" (for being "scandalous," prejudicial legal conclusions that are immaterial to any claims, in violation of Rule 12(f), *see* Order to Strike at 4-5);
- Any use of the phrase "billion dollar company" (for being prejudicial, unsupported, and immaterial, in violation of Rule 12(f), *see id.* at 5);
- All allegations concerning Blitz's counsel (for being scandalous and immaterial, in violation of Rule 12(f), *see id.* at 6);
- Exhibits A through M (for including handwritten notes, highlights, and markings that "draw unnecessary attention to prejudicial facts" in violation of Rule 12(f); *see id.*)[2]

---

[2] Exhibit A was also struck as including immaterial and scandalous statements about defendant's counsel. *See* Order to Strike at 6. Exhibits K and L were also struck because the source and

In this court, the plaintiffs did not file a new complaint and the defendants did not file a new motion to dismiss.

## II.     Factual Background

Taking the allegations in the complaint as true, BWS is a Texas limited liability company that was "created to uplift and support the black community."  FAC ¶ 1.  Dean is the Chief Operating Officer of BWS.  TX Op. at 1.  Blitz Design is a California corporation engaged in marketing and design.  *Id.* ¶ 2.

BWS contracted with Blitz Design to market and promote a book and to design and produce promotional events.  *See id.* ¶¶ 5, 14-17.  According to BWS, Blitz Design "regularly markets and advertises a 100% Money Back Guarantee."  *Id.* ¶¶ 12-13.  BWS alleges that it paid Blitz $45,000 in exchange for certain services, including marketing, producing four promotion events in multiple cities, and publishing the books.  *See id.* ¶¶ 27-28, 36; *see also id.* ¶ 14 (outlining services).  BWS says the "100% Money Back Guarantee" applied to its contract.  *Id.* ¶ 14.

According to the complaint, the plaintiffs' first promotional event was held on June 1, 2021.  *Id.* ¶ 16.  BWS alleges that Blitz Design started planning very last minute and failed to follow through on multiple contractual obligations in producing this event, including to book hotels, create stationery and branding materials, provide various amenities at the events, bring in media coverage, produce marketing and promotional materials for nine months, and otherwise follow through on its marketing and publishing promises.  *See id.* ¶ 17.  "As a result, Plaintiffs immediately requested a refund."  *Id.* ¶ 20.

BWS alleges that Blitz "acknowledged their negligence and agreed to provide Plaintiff with a new team and team lead."  *Id.* ¶ 21.  The parties negotiated a new contract and on June 29, 2021, BWS agreed to pay[3] Blitz an additional $15,000.  *Id.* ¶ 22.  The terms were substantially

---

authenticity of the exhibits were disputed and the court found it was unclear whether the conversations were recorded with consent.  *See id.*

[3] Apparently BWS did not pay the additional $15,000.  *See* FAC ¶ 28 ("Plaintiff . . . agreed to pay $60,000.00 (actually paid $45,000.00) in marketing dollars to Defendant."); *see also id.* at 36 (explaining the plaintiffs paid a total of $45,000).

3

identical to the terms of the first service agreement. *Compare id.* at ¶ 23 (new terms) *with id.* at ¶ 14 (initial terms). The complaint alleges that "none of these deliverables" were performed or delivered. *Id.* ¶ 24.

Instead, the plaintiffs assert, Dean engaged in repeated communications with two Blitz employees, Sarah McKenzie and Jim Kennedy. *Id.* ¶¶ 25-28. The complaint alleges that McKenzie agreed that plaintiffs were eligible for a refund and tried to process one. *Id.* ¶¶ 28. And the complaint says that Kennedy "harassed and insulted" Dean by taunting her, questioning her intelligence, accusing her of being racist, and refusing to refund the whole amount paid, though he offered a partial refund of $8,000. *Id.* ¶ 27. The complaint asserts that Blitz Design is liable for the actions and injuries caused by McKenzie and Kennedy via respondeat superior liability. *See id.* ¶¶ 31-32.

The plaintiffs state that they "performed all conditions, covenants and obligations required under th[e] agreement." *Id.* ¶ 36. In addition to the $45,000 paid, the plaintiffs claim that they "have lost thousands of investment dollars thanks to Defendant's actions." *Id.* ¶ 28. They seek punitive treble damages, civil penalties, attorney fees, and costs, a total "in excess of $500,000." *See id.* ¶¶ 34, 38. They seek general, special, consequential, and exemplary damages. *Id.* ¶ 63.

The causes of action in the FAC are not labeled but it seems the plaintiffs assert seven: (1) breach of contract, *id.* ¶¶ 35-38; (2) breach of covenant of good faith and fair dealing, *id.* ¶¶ 39-44; (3) unjust enrichment, *id.* ¶¶ 45-48; (4) intentional infliction of emotional distress, *id.* ¶¶ 49-50; (5) negligence, *id.* ¶¶ 51-53; (6) gross negligence, *id.* ¶¶ 54-57; (7) deceptive trade practices in violation of the Texas Deceptive Trade Practices and Consumer Protection Act (D.T.P.A.), Tex. Bus. & Com. Code §§ 17.41-17.63, *id.* ¶¶ 58-62. At the hearing on Blitz's motion to dismiss, plaintiffs' counsel failed to appear.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible

when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *See In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *See Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

## DISCUSSION

Blitz moves to dismiss all seven causes of action for failure to state a claim under Rule 12(b)(6). The plaintiffs present almost no counterargument, stating only that they "ha[ve] clearly identified with detailed particularity the extensive claims against Defendant. Each allegation . . . [is] also supported by written and oral admission by Defendant." Oppo. ¶ 2.

### I.     Breach of Contract

In California,[4] "[t]he elements of a cause of action for breach of contract are (i) the

---

[4] Blitz Design asserts that California law applies to interpret the contract claims here, *see* Mot. ¶ 5, which the plaintiffs apparently do not contest, *see* Oppo. ¶ 3 ("Defendant also seeks to apply

5

existence of the contract, (ii) plaintiff's performance or excuse for nonperformance, (iii) defendant's breach, and (iv) the resulting damages to the plaintiff." *Johnson v. Nationstar Mortg., LLC*, No. 17-CV-03676-WHO, 2019 WL 3718592, at *3 (N.D. Cal. Aug. 7, 2019), *aff'd*, 840 F. App'x 976 (9th Cir. 2021) (citing *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821, 124 Cal. Rptr. 3d 256, 250 P.3d 1115 (2011)).

The plaintiffs sufficiently assert the existence of a contract, including specifying the terms and dates of performance. *See* FAC ¶¶ 5, 14-17. However, they do not clearly state who the parties are to the contract. From the complaint, and as the defendant argues, it seems that only BWS and Blitz were parties to the contract and that Dean was not. *See, e.g.*, *id.* ¶ 22 ("Plaintiff Black Wall Street signed a new Service Agreement."). If that is true, Dean cannot assert a claim for breach of contract. Because the complaint does not plead facts showing Dean was or was not a party to the contract, her claim for breach of contract is DISMISSED with leave to amend and plead facts showing the existence of a contract to which she was a party.[5]

The complaint also contains facts that sufficiently allege, at this point, that BWS performed its obligations under the contract. *See* FAC ¶ 27-28 (asserting it paid $45,000); *see*

---

California law to the contract enforcement when the only thing required by the terms of the contract is that the Court applies Contract law to contract interpretation."). Importantly, SDTX previously determined that California law applies to all claims arising from the contract in this case, *see* TX Op., and neither party contests this finding. The law of the case doctrine provides that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1042 (9th Cir. 2018) (quoting *Musacchio v. United States*, 577 U.S. 237, 244-45 (2016)). Though there are at least five situations in which I may exercise discretion to depart from the law of the case doctrine, *see United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997), none of those are present here. Thus, under the law of the case doctrine, I apply California law to the claims arising from the contract at issue. *See also Verint Sys. Inc. v. Envision Telephony Inc.*, No. C14-1507 MJP, 2015 WL 753540, at *1 (W.D. Wash. Feb. 23, 2015) (applying the law of the case doctrine to decisions made by another district court before transferring venues).

[5] Attached to the FAC were two exhibits, B and C, which purported to be copies of the relevant contracts. The exhibits show that the parties to the contract were BWS and Blitz, not Dean, which would preclude her from bringing a breach of contract claim. SDTX struck all exhibits, including B and C. *See* Order to Strike. I apply the law of the case doctrine and follow this order, and therefore decline to consider the contracts as attached. *See Alexander*, 106 F.3d at 876 (outlining when a court has discretion to depart from the law of the case); *Verint Sys. Inc.*, 2015 WL 753540, at *1 (applying the law of the case doctrine to decisions made by another district court before transferring venues). If the plaintiffs submit an amended complaint with a copy of the contract for my consideration, they are encouraged to revisit the SDTX order and reasoning, and ensure their exhibits abide by the Federal Rules of Civil Procedure and all other relevant rules.

1    *also id.* ¶ 36 (asserting it performed all conditions precedent). Blitz contends that BWS canceled
2    the contract on July 15, 2021, which implies it did not perform its obligations, but I must take
3    BWS's allegations as true at the motion to dismiss stage. *See Usher*, 828 F.2d at 561. Therefore,
4    BWS asserted sufficient facts to meet this element.

5        Blitz argues that BWS did not state sufficient facts showing it breached the contract. *See*
6    Mot. ¶¶ 8-9. I disagree. BWS outlined the terms of the contract and then specifically stated the
7    provisions that it alleges Blitz failed to abide by. *See* FAC ¶¶ 14, 17. BWS goes on to assert
8    plausible facts that Blitz negotiated a new contract with BWS after the first event failed and that
9    Blitz again failed to follow through on those new terms. *See id.* ¶¶ 22-24. All of these are specific
10   and plausible factual allegations that Blitz breached its contract with BWS. While Blitz contends
11   that it "did not 'repudiate' its obligations," but instead that "Plaintiff [BWS] canceled the
12   contract," Mot. ¶ 8, I must accept all of BWS's plausible allegations of fact as true at this stage.
13   *See Usher*, 828 F.2d at 561.

14       Finally, BWS specifically pleads damages. *See* FAC ¶¶ 36, 38. Regardless of whether
15   BWS can ultimately prove it is owed these damages, *see* Mot. ¶ 8, its pleadings meet the
16   requirements to state a claim for breach of contract. *See Johnson*, 2019 WL 3718592, at *3.

17       For that reason, at this stage, BWS has sufficiently pleaded a breach of contract. The
18   defendant's motion to dismiss is DENIED for this claim by BWS.

19   **II.      Breach of Covenant of Good Faith and Fair Dealing**

20       Whether a plaintiff may, under California law, bring a breach of contract claim and a
21   separate claim for a breach of the covenant of good faith and fair dealing in that same contract has
22   been discussed by many California state courts and by this court in detail. *See, e.g.*, *JH Kelly,*
23   *LLC v. AECOM Tech. Servs., Inc.,* No. 20-CV-05381-HSG, 2022 WL 195648, at *3 (N.D. Cal.
24   Jan. 21, 2022) (collecting cases). "The California Supreme Court has held that 'where breach of
25   an actual term [of the contract] is alleged, a separate implied covenant claim, based on the same
26   breach, is superfluous.'" *Id.* (quoting *Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th 317, 327, 8 P.3d 1089,
27   1095 (2000)); *see also Smith v. Int'l Bhd. of Elec. Workers*, 109 Cal. App. 4th 1637, 1645 n.3, 1
28   Cal. Rptr. 3d 374, 378 n.3 (2003) ("A breach of the covenant of good faith and fair dealing does

United States District Court
Northern District of California

not give rise to a cause of action separate from a cause of action for breach of the contract containing the covenant." (citing *Guz*, 23 Cal. 4th at 327)).

"But several federal district courts have read *Guz* to allow simultaneous breach of contract and implied covenant claims when the plaintiff alleges that the defendant exercised a right under the contract in bad faith to frustrate the contract's benefits." *JH Kelly*, 2022 WL 195648, at *3 (first citing *Daly v. United Healthcare Ins. Co.*, No. 10-CV-03032-LHK, 2010 WL 4510911, at *5 (N.D. Cal. Nov. 1, 2010); then citing *Celador Intern. Ltd. v. Walt Disney Co.*, 347 F. Supp. 2d 846, 853 (C.D. Cal. 2004); and then citing *Lamke v. Sunstate Equip. Co.*, LLC, 387 F. Supp. 2d 1044, 1048 (N.D. Cal. 2004)). To establish a separate implied covenant claim, a plaintiff must "sufficiently distinguish its implied covenant claim from its breach of contract claim" which requires "more than alleg[ing] [the defendant] breached the implied covenant by the same course of conduct that underlies [the plaintiff's] claim for breach of contract." *Id.*; *see also Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1395, 272 Cal. Rptr. 387, 400 (1990) ("If the allegations do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated.").

As pleaded, the plaintiffs do not sufficiently allege facts that support a separate action for breach of the covenant of good faith and fair dealing. The plaintiffs allege that Blitz Design failed to book a venue for the proper date or timely secure an event planner because of "last minute planning," FAC ¶¶ 15, 19, that Blitz employees were unresponsive or slow at communicating, *id.* ¶¶ 16, 18, that the marketing and media materials were of poor quality, *id.* ¶¶ 18, 25, 26, and that Blitz employees "acknowledged their negligence," *id.* ¶ 21. These are not allegations of "conscious and deliberate act[s]" leading to a "failure or refusal to discharge contractual responsibilities," but rather "bad judgment or negligence," which are insufficient to plead a separate claim. *See Careau & Co.*, 222 Cal. App. 3d at 1395. Each of these allegations merely alleges that Blitz "breached the implied covenant by the same course of conduct that underlies [the] claim for breach of contract" which renders the implied covenant claim superfluous. *JH*

8

*Kelly*, 2022 WL 195648, at *3.

The plaintiffs' only counterargument is the same general argument asserted in response for each motion—that they "clearly identified with detailed particularity the extensive claims against Defendant." Oppo. ¶ 2. This is not sufficient to save their claim. This claim by BWS is DISMISSED with leave to amend to assert specific facts that support a separate cause of action for this claim. Additionally, the claim by Dean is DISMISSED with leave to amend for the same reasons, and also to plead facts that she was a party to any contract that might underlie this claim.

### III.   Unjust Enrichment

Blitz argues that this claim must be dismissed because California does not recognize unjust enrichment as an independent cause of action. *See, e.g.*, *Abuelhawa v. Santa Clara Univ.*, 529 F. Supp. 3d 1059, 1070 (N.D. Cal. 2021) ("California does not recognize a separate cause of action for unjust enrichment." (quoting *Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110, 132-33 (N.D. Cal. 2020) (collecting California and federal cases)). But as I have previously explained, under California law "a court may 'construe' a claim for unjust enrichment as 'a quasi-contract claim seeking restitution.'" *Beluca Ventures LLC v. Aktiebolag*, No. 21-CV-06992-WHO, 2022 WL 3579879, at *4 (N.D. Cal. Aug. 19, 2022) (quoting *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015)). "[A]t the pleading stage, [a plaintiff] may alternately bring both a breach of contract claim and a quasi-contract claim—so long as [the plaintiff] pleads facts suggesting that the contract may be unenforceable or invalid." *Id.* at *3 (citing Fed. R. Civ. Pro. 8(d)).

Because of the plaintiffs' limited opposition to this motion, it is not clear whether they believe that they pleaded facts showing the contract was unenforceable or invalid. Upon review of the complaint, it seems the entire purpose of this case is to show the contract was valid but the breach and related conduct were wrong. For that reason, if the plaintiffs wish to bring their unjust enrichment cause of action as a separate claim, they must plead facts showing the contract was "unenforceable or invalid." *Brodsky*, 445 F. Supp. 3d at 133. To the extent that is possible, this claim is DISMISSED with leave to amend.

9

### IV. Intentional Infliction of Emotional Distress

"The elements of a prima facie case of intentional infliction of emotional distress in California are: '(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.'" *Hernandez v. Cnty. of Santa Clara*, No. 19-CV-07888-EJD, 2020 WL 3101041, at *9 (N.D. Cal. June 11, 2020) (quoting *Corales v. Bennett*, 567 F.3d 554, 571 (9th Cir. 2009)).

The complaint does not contain sufficient factual allegations to establish an IIED claim. There are no facts asserting any of the elements of the claim. The cause of action contains only conclusory statements: "[T]he above-mentioned acts committed by Defendant Corporation were extreme and outrageous and were committed intentionally or with reckless disregard. In addition, Defendant's actions caused Plaintiff Marye Dean severe emotional distress for which she is now seeking to recover." FAC ¶ 50. Mere conclusory allegations are insufficient to state a claim. *See In re Gilead*, 536 F.3d at 1055.

There is one factual allegation that could perhaps resemble an element of IIED, if stated much more clearly: Dean alleges she "began crying" on a call with Kennedy, a Blitz employee working in the finance department, after he insulted her intelligence, withheld receipts, accused her of being racist, and offered only a partial refund. *See* FAC ¶ 27. But the plaintiffs do not say that this (or any other conduct) was extreme or outrageous, do not allege that the defendant or its employees intended to cause emotional distress, and do not assert that Dean suffered severe or extreme emotional distress. As a result, she cannot assert that any of the defendant's actions were the actual and proximate cause of that emotional distress. *See Hernandez*, 2020 WL 3101041, at *9. The plaintiffs also do not support how a corporate entity like BWS could bring a claim for IIED under California law.

For that reason, this claim is DISMISSED with leave to amend and plead specific facts that meet the requisite elements of this claim.

## V. Negligence

Blitz argues that the plaintiffs cannot bring a claim for negligence because they cannot bring a tort claim for a breach of contract. *See* Mot. ¶¶ 17-19. Based on its argument and citations, Blitz seems to be asserting that the economic loss rule bars the plaintiffs' claims for negligence. The plaintiffs do not offer any counterargument beyond their general assertion that they "clearly identified with detailed particularity the extensive claims against Defendant." Oppo. ¶ 2.

In California, "[t]he elements of a negligence claim are (1) the existence of a duty to exercise due care, (2) breach of that duty, (3) causation, and (4) damage." *Cook v. Ministries*, No. 21-CV-00160-LB, 2021 WL 681256, at *3 (N.D. Cal. Feb. 22, 2021) (citing *Merrill v. Navegar, Inc.*, 26 Cal. 4th 465, 500 (2001)); *cf. Black & Veatch Corp. v. Modesto Irrigation Dist.*, 827 F. Supp. 2d 1130, 1141-42 (E.D. Cal. 2011) (explaining the elements of the "negligent performance of a contract" cause of action under California *contract* law). That said, the economic loss rule provides that, "[i]n general, there is no recovery in tort for negligently inflicted 'purely economic losses,' meaning financial harm unaccompanied by physical or property damage." *Sheen v. Wells Fargo Bank, N.A.*, 12 Cal. 5th 905, 922, 505 P.3d 625, 632 (2022), *reh'g denied* (June 1, 2022) (citing *S. Cal. Gas Leak Cases*, 7 Cal. 5th 391, 400, 441 P.3d 881, 886 (2019)); *see also Rattagan v. Uber Techs., Inc.*, 19 F.4th 1188, 1189 (9th Cir. 2021) ("[A] party to a contract generally cannot recover for pure economic loss—*i.e.*, damages that are solely monetary—that resulted from a breach of contract unless he can show a violation of some independent duty arising in tort." (citing *Erlich v. Menezes*, 21 Cal. 4th 543, 552, 981 P.2d 978, 983 (1999))). The purpose of the economic loss rule is to "prevent[] the law of contract and the law of tort from dissolving one into the other." *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 988, 102 P.3d 268, 272 (2004) (citation omitted).

"Not all tort claims for monetary losses between contractual parties are barred by the economic loss rule. But such claims are barred when they arise from—or are not independent of—the parties' underlying contracts." *Sheen*, 12 Cal. 5th at 923 (citing *Robinson*, 34 Cal. 4th at 991). In addition to claims of physical or property damage, tort claims for fraud and intentional

11

misrepresentation arising from the contract are not necessarily barred by the economic loss doctrine. *See Robinson*, 34 Cal. 4th at 991. But parties to a contract must "recover in contract" rather than tort "for purely economic loss due to disappointed expectations, unless [they] can demonstrate harm above and beyond a broken contractual promise." *Id.* at 988.

The plaintiffs' negligence cause of action states that the Blitz Design "owed Plaintiffs a duty to perform its job as contracted" and that failure to do so was the basis for the negligence claim. FAC ¶¶ 52-53. This allegation falls squarely into the claims barred by the economic loss doctrine in California because the alleged negligence *is* that Blitz breached the contract. The plaintiffs do not demonstrate "harm above and beyond a broken contractual promise," *Robinson*, 34 Cal. 4th at 988, such as "physical or property damage," *Sheen*, 12 Cal. 5th at 922, or that Blitz owed them any "independent duty" beyond the terms of the contract itself, *Rattagan*, 19 F.4th at 1189. As pleaded, this claim is barred by the economic loss doctrine.

This cause of action is DISMISSED with leave to amend and assert facts showing that the claim is not barred by the economic loss rule. The plaintiffs must also provide sufficient factual allegations to establish the elements of the underlying claims.

## VI. Gross Negligence

Blitz argues that the plaintiffs failed to plead facts establishing a claim for gross negligence.[6] Again, the plaintiffs do not address the argument except to assert that they pleaded sufficient facts. *See* Mot. ¶ 20; Oppo. ¶ 2.

To plead a claim for gross negligence, a plaintiff must allege "the traditional elements of negligence: duty, breach, causation, and damages," as well as "extreme conduct on the part of the defendant." *Leakas v. Monterey Bay Mil. Hous., LLC*, No. 22-CV-01422-VKD, 2022 WL 2161608, at *7 (N.D. Cal. June 15, 2022) (first quoting *Chavez v. 24 Hour Fitness USA, Inc.*, 238

---

[6] Blitz does not address whether gross negligence may be pleaded as a separate cause of action from negligence. This seems to be an open question in California. *See, e.g*, *Leakas v. Monterey Bay Mil. Hous., LLC*, No. 22-CV-01422-VKD, 2022 WL 2161608, at *7 (N.D. Cal. June 15, 2022); *In re JUUL Labs, Inc., Mktg., Sales Pracs., & Prod. Liab. Litig.*, 497 F. Supp. 3d 552, 654 n.82 (N.D. Cal. 2020). But it is the defendant's burden to make this argument, not the plaintiffs' (or mine) to anticipate it. *See Anderson v. Fitness Internat., LLC*, 4 Cal. App. 5th 867, 879, 208 Cal. Rptr. 3d 792, 801 (2016). Therefore, I do not address that argument here.

1 Cal. App. 4th 632, 640 (2015), then quoting *Rosencrans v. Dover Images, Ltd.*, 192 Cal. App. 4th
2 1072, 1082 (2011)). Such extreme conduct "involves either a 'want of even scant care' or 'an
3 extreme departure from the ordinary standard of conduct.'" *Id.* (quoting *City of Santa Barbara v.*
4 *Superior Court*, 41 Cal. 4th 747, 780 (2007)).

5       At a minimum, the complaint fails to provide allegations showing "extreme conduct." *See*
6 *id.* The complaint states that Blitz's conduct "involved an extreme degree of risk, considering the
7 probability and magnitude of the harm [] caused to others" including through "acts of malice," and
8 that Blitz "had actual, subjective awareness of this risk, but nevertheless proceeded with conscious
9 indifference to the rights, safety, and welfare of Plaintiffs." FAC ¶¶ 55-56. But these conclusory
10 allegations are insufficient to establish this element of gross negligence. The plaintiffs do not
11 explain what conduct was risky or malicious, what harm was caused—beyond the contractual
12 damages—or how Blitz otherwise affected the plaintiffs' rights, safety, or welfare. Though the
13 complaint points to certain conversations between Dean and Blitz employees, it is not clear (nor
14 do the plaintiffs allege) that those conversations constituted "extreme conduct." And while the
15 complaint also repeatedly alleges that Blitz failed to abide by its contractual obligations, again the
16 plaintiffs do not allege that breach of contract constituted extreme conduct, "an extreme departure
17 from the ordinary standard of conduct," or anything else that might establish this element under
18 contract law. *See Leakas*, 2022 WL 2161608, at *7.

19       Separately, it is not clear that the plaintiffs establish duty or breach. The only duty the
20 plaintiffs refer to in the complaint seems to be the duty that arose under the contract. *See, e.g.*,
21 FAC ¶¶ 52, 55. As explained above, BWS sufficiently pleaded a breach of contract claim. But if
22 the only duty and breach underlying the gross negligence claim stem from the contract, it seems
23 likely the economic loss doctrine applies and bars the claim. Blitz does not assert that the
24 economic loss rule may bar gross negligence claims, though at least one court in this district has
25 so held. *See Whitesides v. E*TRADE Sec., LLC*, No. 20-CV-05803-JSC, 2021 WL 930794, at *4
26 (N.D. Cal. Mar. 11, 2021) ("The [economic loss] rule applies equally to claims for negligence and
27 gross negligence."); *see also F.D.I.C. v. CoreLogic Valuation Servs., LLC*, No. SA CV 11-0704
28 DOC, 2011 WL 5554324, at *3-6 (C.D. Cal. Nov. 14, 2011) ("Plaintiff's gross negligence claim is

barred by the economic loss rule."). But because the law is somewhat unclear, neither side raises this argument, and the claim fails anyway for failure to establish extreme conduct, I do not further address these issues.

This claim is DISMISSED with leave to amend. On amendment, the plaintiffs are encouraged to ensure their allegations sufficiently establish each element of this claim.

### VII. Deceptive Trade Practices

The plaintiffs plead that the defendant violated the Texas consumer protection statute by engaging in deceptive trade practices. But the district court in the Southern District of Texas previously found that California law governs the contract claims.[7] *See* TX Op. at 4. The plaintiffs cannot bring a claim under the Texas statute because they cannot show it applied to the transaction. This claim is DISMISSED with leave to amend, and if the plaintiffs wish and can sufficiently state a claim, to add a claim for violation of the equivalent California statute.

### CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss is GRANTED in part and DENIED in part. Dean's claim for breach of contract, as well as all claims for breach of covenant of good faith and fair dealing, unjust enrichment, IIED, negligence, gross negligence, and deceptive trade practices, are DISMISSED with leave to amend. BWS's claim for breach of contract remains. Dean must amend the FAC as directed in the Order To Strike and may amend as allowed by this Order within 20 days of the date below.

**IT IS SO ORDERED.**

Dated: November 17, 2022

William H. Orrick
United States District Judge

---

[7] *See supra*, n. 3-4 (applying the SDTX decision to this case under the law of the case doctrine).